**SWARTZ CAMPBELL LLC**
**BY:**  Stephen R. Dumser
1300 Route 73 South
Bloom Court, Suite 101                    Attorney for Defendants,
Mt. Laurel, New Jersey 08054              Kirsten Byrnes and Christina
(856) 727-4777                            Eickman

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

---

MICHAEL BOSWELL,                   :
    Plaintiff,                 :     Civil Action
                               :
                               :
v.                                 :
                               :     No. 3:08-cv-05098
STEVE EOON, KIRSTEN BYRNES,        :
CHRSTINA EICKMAN, PTL. JAMES       :
FEISTER, NEW BRUNSWICK POLICE      :     ANSWER OF DEFENDANTS,
DEPARTMENT, CITY OF NEW            :     KIRSTEN BYRNES AND
BRUNSWICK, and JOHN DOES (1-5)     :     CHRISTINA EICKMAN, TO
    Defendants.                :     PLAINTIFF'S SECOND AMENDED
                               :     COMPLAINT

---

    Defendants, Kirsten Byrnes residing at 743 Harrison Avenue, Apt. 8, Harrison,

New Jersey, and Christina Eickman, 743 Harrison Avenue, Apt. 8, Harrison, New

Jersey, by and through their attorneys, Swartz Campbell LLC, hereby responds to

plaintiff's second amended complaint as follows:

<u>FIRST COUNT</u>
(State Law Negligent Claim)

    1.    Neither admitted nor denied.

    2.    Neither admitted nor denied.

    3.    Neither admitted nor denied.

    4.    Denied.

    5.    Not directed to these defendants.

6.    Not directed to these defendants.

7.    Denied.

WHEREFORE, defendants, Kirsten Byrnes and Christina Eickman, demands judgment in their favor and against plaintiff together with counsel fees, costs of suit and any other relief this court may deem appropriate.

<u>SECOND COUNT</u>
(State Law Negligence Claim)

1.    Defendants, Kirsten Byrnes and Christina Eickman incorporate herein by reference their response to all preceding allegations as if set forth at length.

2.    Neither admitted nor denied.

3.    Neither admitted nor denied.

4.    Neither admitted nor denied.

5.    Neither admitted nor denied.

6.    Not directed to these defendants.

7.    Not directed to these defendants.

8.    Neither admitted nor denied.

9.    Not directed to these defendants.

10.   Not directed to these defendants.

11.   Neither admitted nor denied.

12.   Not directed to these defendants.

13.   Not directed to these defendants.

14.   Denied.

WHEREFORE, defendants, Kirsten Byrnes and Christina Eickman, demands judgment in their favor and against plaintiff together with counsel fees, costs of suit and

any other relief this court may deem appropriate.

## THIRD COUNT
(Civil Rights Claim Under 42 U.S.C. § 1983)

1. Defendants, Kirsten Byrnes and Christina Eickman incorporate herein by reference their response to all preceding allegations as if set forth at length.

2. Neither admitted nor denied.

3. Not directed to these defendants.

4. Neither admitted nor denied.

5. Neither admitted nor denied.

6. Neither admitted nor denied.

WHEREFORE, defendants, Kirsten Byrnes and Christina Eickman, demands judgment in their favor and against plaintiff together with counsel fees, costs of suit and any other relief this court may deem appropriate.

## FOURTH COUNT
(Civil Rights Claim Under 42 U.S.C. § 1983)

1. Defendants, Kirsten Byrnes and Christina Eickman incorporate herein by reference their response to all preceding allegations as if set forth at length.

2. Neither admitted nor denied.

3. Neither admitted nor denied.

4. Neither admitted nor denied.

5. Neither admitted nor denied.

6. Neither admitted nor denied.

WHEREFORE, defendants, Kirsten Byrnes and Christina Eickman, demands judgment in their favor and against plaintiff together with counsel fees, costs of suit and

any other relief this court may deem appropriate.

<u>FIFTH COUNT</u>
(New Jersey Civil Rights Claim Under N.J.S.A. 10:6-2)

1.     Defendants, Kirsten Byrnes and Christina Eickman incorporate herein by reference their response to all preceding allegations as if set forth at length.

2.     Neither admitted nor denied.

3.     Neither admitted nor denied.

4.     Neither admitted nor denied.

5.     Neither admitted nor denied.

6.     Neither admitted nor denied.

7.     Neither admitted nor denied.

8.     Neither admitted nor denied.

9.     Neither admitted nor denied.

WHEREFORE, defendants, Kirsten Byrnes and Christina Eickman, demands judgment in their favor and against plaintiff together with counsel fees, costs of suit and any other relief this court may deem appropriate.

<u>SIXTH COUNT</u>

1.     Defendants, Kirsten Byrnes and Christina Eickman incorporate herein by reference their response to all preceding allegations as if set forth at length.

2.     Neither admitted nor denied.

3.     Denied.

WHEREFORE, defendants, Kirsten Byrnes and Christina Eickman, demands judgment in their favor and against plaintiff together with counsel fees, costs of suit and any other relief this court may deem appropriate.

## FIRST SEPARATE DEFENSE

If the plaintiff suffered damages the same were caused by the plaintiff's sole negligence.

## SECOND SEPARATE DEFENSE

If the plaintiff suffered damages the same were caused by the plaintiff's contributory negligence.

## THIRD SEPARATE DEFENSE

If the plaintiff suffered damages the same were caused by third persons over whom these defendants had no control.

## FOURTH SEPARATE DEFENSE

The incident which forms the basis of this litigation and which alleged caused the injuries and damages to plaintiff was proximately caused or contributed to by the fault of third parties and not parties to this suit.

## FIFTH SEPARATE DEFENSE

Responsibility of these defendants and the right of recovery in this litigation can only be determined after the percentages of responsibility of all parties to this litigation have been determined.  Accordingly, these defendants seek an adjudication of the percentage of fault to the plaintiff and each and every person whose fault contributed to the incident.

## SIXTH SEPARATE DEFENSE

Plaintiff's complaint fails to state a cause of action upon which relief can be granted.

## SEVENTH SEPARATE DEFENSE

Plaintiff's cause of action is barred by the applicable statute of limitations.

## EIGHTH  SEPARATE DEFENSE

These defendants did not violate any duty owed to the plaintiff.

## NINTH SEPARATE DEFENSE

These defendants were not negligent.

## TENTH SEPARATE DEFENSE

The conduct of these defendants was not approximate cause of the plaintiff's alleged damages.

## ELEVENTH SEPARATE DEFENSE

The alleged damages complained of were due to unavoidable circumstances and causes under the control or fault of these defendants.

## TWELFTH SEPARATE DEFENSE

If the plaintiff suffered damages same were caused by the negligence of the co-defendants and any recover to which plaintiff would otherwise be entitled as against as these defendants must be reduced by the application of the standard of comparative negligence as set forth in N.J.S.A. 2A:15-5.1, et seq.

## THIRTEENTH SEPARATE DEFENSE

If the plaintiff suffered damages and same were caused by the negligence, breach of contract or breach of implied warrant of the co-defendants jointly, severally or in the alternative.

## FOURTEENTH SEPARATE DEFENSE

Plaintiff failed to mitigate any damages allegedly sustained by him.

### FIFTEENTH SEPARATE DEFENSE

Plaintiff's complaint is barred by the doctrine of collateral estoppel.

### SIXTEENTH SEPARATE DEFENSE

Plaintiff's complaint is barred in whole or in part by the doctrine of waiver.

### SEVENTEENTH SEPARATE DEFENSE

There was insufficiency of process as to these defendants.

### EIGHTEENTH SEPARATE DEFENSE

Venue of this action is improper and these defendants reserve the right to move for transfer.

### CROSS-CLAIM FOR CONTRIBUTION

Defendants hereby demands contribution from all co-defendants in accordance with the provisions of the Joint Tortfeasors Contribution Law set forth at N.J.S.A. 2A:53A-1, *et seq.*, and N.J.S.A. 2A:15-5.3.

### CROSS-CLAIM FOR INDEMNIFICATION

While denying any liability to plaintiff, defendants asserts that in the event they are found liable to plaintiff for damages in any respect, their liability is passive, secondary and vicarious and they are entitled to indemnification from all co-defendants whose wrongful conduct was active, primary, direct and independent.

### DEMAND FOR TRIAL BY JURY

Please take notice that the Defendants demand a trial by jury as to all issues.

### DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that pursuant to Rule 4:25-4, Stephen R. Dumser, Esquire is hereby designated as trial counsel in the above matter.

## <u>CERTIFICATION PURSUANT TO R.4:5-1(b)(2)</u>

It is hereby certified that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding and that no other action or arbitration proceeding is contemplated.

SWARTZ CAMPBELL LLC


BY:  /s/ Stephen R. Dumser_____
     Stephen R. Dumser
     Attorney for Defendants,
     Kirsten Byrnes and
     Christina Eickman

Date:  August 18, 2009

## CERTIFICATE OF SERVICE

I, Stephen R. Dumser, counsel for defendants, Kristen Byrnes and Christina Eikman, hereby certifies that service of defendants answer to the second amended complaint with affirmative defenses, pursuant to R. 4:5-1(b)(2) was made by delivering true and correct copies of same by electronic mal and first class mail to the last known addresses of the attorneys listed below on August 18, 2009:

Lora B. Glick, Esquire
Richard Galex, Esq.
GALEX WOLF LLC
1520 U.S. 130, Ste. 101
North Brunswick, NJ 08902

Craig L. Corson, Esquire
HOAGLAND LONGO
40 Paterson Street
New Brunswick, NJ 08903

Steven D. Altman, Esquire
BENEDICT & ALTMAN
247 Livingston Avenue
New Brunswick, NJ 08901

Mario C. Colitti, Esquire
Sherman & Visscomi
399 Campus Drive
Somerset, NJ 08875

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

SWARTZ CAMPBELL LLC

BY:  /s/ Stephen R. Dumser
Stephen R. Dumser
Attorneys for Defendants,
Kirsten Byrnes and
Christina Eickman