LAW OFFICES OF BAUMANN, LYNES & VISCOMI
399 Campus Drive, Suite 301
P.O. Box 6782
Somerset, New Jersey 08875-6782
(732) 563-6830
Attorneys for Defendant, Steve W. Eoon
LA327-006329297-0002
MCC / hlf

| | |
|---|---|
| MICHAEL BOSWELL, an Incapacitated Person by his Guardian Ad Litem, ETHEL BOSWELL and ETHEL BOSWELL, Individually,<br><br>Plaintiffs,<br><br>-vs-<br><br>STEVE W. EOON, KIRSTEN M. BYRNES, CHRISTINA EICKMAN PTL. JAMES FEISTER, NEW BRUNSWICK POLICE DEPARTMENT, CITY OF NEW BRUNSWICK and JOHN DOES (# 1 thru # 5),<br><br>Defendants. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO. 3:08-cv-05098-GEB-LHG<br><br><br><br>ANSWER TO SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, CROSS-CLAIMS AND JURY DEMAND |

Defendant, Steve W. Eoon, residing at 69-71 W. Main Street, Apt. 2, Somerville, NJ 08876, by way of Answer to the Second Amended Complaint, says:

## AS TO THE FIRST COUNT

1. Paragraph one is admitted.

2. Paragraph two is admitted.

3. No response is made to the allegations in paragraph three as they do not apply to this defendant.

4. No response is made to the allegations in paragraph four as they do not apply to this defendant.

5. No response is made to the allegations in paragraph five as they do not apply to this defendant.

6. Paragraph six is denied.

7. Paragraph seven is denied.

## AS TO THE SECOND COUNT

1. The answers to the preceding Counts are repeated.

2. No response is made to the allegations in paragraph two as they do not apply to this defendant.

3. No response is made to the allegations in paragraph three as they do not apply to this defendant.

4. No response is made to the allegations in paragraph four as they do not apply to this defendant.

5. No response is made to the allegations in paragraph five as they do not apply to this defendant.

6. No response is made to the allegations in paragraph six as they do not apply to this defendant.

7. No response is made to the allegations in paragraph seven as they do not apply to this defendant.

8. No response is made to the allegations in paragraph eight as they do not apply to this defendant.

9. No response is made to the allegations in paragraph nine as they do not apply to this defendant.

10. No response is made to the allegations in paragraph ten as they do not apply to this defendant.

11. No response is made to the allegations in paragraph eleven as they do not apply to this defendant.

12. No response is made to the allegations in paragraph twelve as they do not apply to this defendant.

13. No response is made to the allegations in paragraph thirteen as they do not apply to this defendant.

14. No response is made to the allegations in paragraph fourteen as they do not apply to this defendant.

## AS TO THE THIRD COUNT

1. The answers to the preceding Counts are repeated.

2. There is insufficient information by which paragraph two can be admitted or denied at this time.

3. No response is made to the allegations in paragraph three as they do not apply to this defendant.

4. No response is made to the allegations in paragraph four as they do not apply to this defendant.

5. No response is made to the allegations in paragraph five as they do not apply to this defendant.

6. No response is made to the allegations in paragraph six as they do not apply to this defendant.

7. No response is made to the allegations in paragraph seven as they do not apply to this defendant.

## AS TO THE FOURTH COUNT

1. The answers to the preceding Counts are repeated.

2. No response is made to the allegations in paragraph two as they do not apply to this defendant.

3. No response is made to the allegations in paragraph three as they do not apply to this defendant.

4. No response is made to the allegations in paragraph four as they do not apply to this defendant.

5. No response is made to the allegations in paragraph five as they do not apply to this defendant.

6. No response is made to the allegations in paragraph six as they do not apply to this defendant.

## AS TO THE FIFTH COUNT

1. The answers to the preceding Counts are repeated.

2. No response is made to the allegations in paragraph two as they do not apply to this defendant.

3. No response is made to the allegations in paragraph three as they do not apply to this defendant.

4. No response is made to the allegations in paragraph four as they do not apply to this defendant.

5. No response is made to the allegations in paragraph five as they do not apply to this defendant.

6. No response is made to the allegations in paragraph six as they do not apply to this defendant.

7. No response is made to the allegations in paragraph seven as they do not apply to this defendant.

8. No response is made to the allegations in paragraph eight as they do not apply to this defendant.

9. No response is made to the allegations in paragraph nine as they do not apply to this defendant.

## AS TO THE SIXTH COUNT

1. The answers to the preceding Counts are repeated.

2. There is insufficient information by which paragraph two can be admitted or denied at this time.

3. Paragraph three is denied.

### FIRST AFFIRMATIVE DEFENSE

Any claims against defendant are barred or diminished by contributory or comparative negligence of plaintiffs for which negligence the recovery, if any, should be barred or mitigated in accordance with the provisions of N.J.S.A. 2A:15-5.1, et. seq.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff so acted at the time an place alleged as to assume the risks of his conduct.

### THIRD AFFIRMATIVE DEFENSE

The accident, injuries and damages were caused or contributed to by the plaintiffs who failed to mitigate and guard against aggravation of any injuries sustained on the date in question.

### FOURTH AFFIRMATIVE DEFENSE

The cause of action as alleged is barred by the provisions of the Statute of Limitations to wit, N.J.S.A. 2A:14-1, et seq.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the entire controversy doctrine.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of res judicata and/or collateral estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

Any injuries or damages which form the basis of this Complaint were the direct result of the acts, omissions and/or negligence of other person, parties and/or entities over whom this defendant had no control or authority.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Worker's Compensation Law, N.J.S.A. 34:15-1, et seq. which is inclusive of N.J.S.A. 34:15-8.

### TENTH AFFIRMATIVE DEFENSE

Defendant neither owed nor breached any duty to plaintiffs as a consequence of legal status claimed or conferred at the time of the alleged incident.

### ELEVENTH AFFIRMATIVE DEFENSE

Any claim for punitive damages is without basis in law or fact.

### TWELFTH AFFIRMATIVE DEFENSE

Pursuant to R. 1:4-8 and N.J.S.A. 2A:15-59.1, defendant puts the plaintiffs on notice that he believes the above-mentioned Complaint is frivolous in that it is without any reasonable basis in law or equity and cannot be supported by a good faith argument for an extension, modification or reversal of existing law and, if the action continues to be pursued by the plaintiffs, that this defendant will bring the appropriate motion to request payment of all reasonable litigation costs and attorney fees.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs received and accepted payment of monies in full and/or partial satisfaction and/or have provided releasing documentation for claims arising out of the incident complained of and of damages resulting therefrom, for which credit is hereby claimed or dismissal is sort.

### FOURTEENTH AFFIRMATIVE DEFENSE

The defendant has been released from liability for the damages alleged.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by the provisions of N.J.S.A. 2A:14-1.1, the 10 year statute of repose.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff was intoxicated and/or under the influence of illegal drugs and/or alcohol.

### CROSS-CLAIM FOR CONTRIBUTION

While denying any liability for damages to plaintiff, if this defendant should be adjudged liable to the plaintiff, this defendant asserts that co-defendants Kirsten Byrnes, Christina Eickman, PTL. James Feister, new Brunswick Police Department, City of New Brunswick and John Does # 1 thru # 1, are joint tortfeasors and therefore, this defendant demands contribution pursuant to the Joint Tortfeasor's Contribution Law, N.J.S.A. 2A:53A-1 et seq., the Comparative Negligence Statute, N.J.S.A. 2A:15-5.1 and R. 4:7-5.

### DEMAND FOR JURY TRIAL

Demand is hereby made for a trial by jury.

### REQUEST FOR ALLOCATION PURSUANT TO RULE 4:7-5(c)

If any defendant settles prior to verdict, this defendant will seek an allocation by the fact finder of the percentage of negligence against the settling defendants. This defendant will seek this allocation, whether or not this defendant has formally filed a Crossclaim against the settling defendants. This defendant will rely upon the direct examination and cross examination of plaintiff's expert witnesses, and any and all other witnesses at the time of trial in support of this allocation and specifically reserve the right to call any and all such witnesses. All parties are being apprised of this pursuant to Rule 4:7-5(c) and Young v Latta, 127 N.J. 584 (1991).

### REQUEST FOR STATEMENT OF THE AMOUNT OF DAMAGES CLAIMED

Request is hereby made for a statement of the amount of damages claimed to be served within 5 days of the receipt of this Answer, in accordance with R. 4:5-2.

## NOTICE OF OTHER ACTIONS

The Undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding and that no other action or arbitration proceeding is contemplated.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Mario C. Colitti is hereby designated as trial counsel for the defendant, Steve W. Eoon.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Answer was served within the time prescribed by Rule 4:6-1.

LAW OFFICES OF BAUMANN, LYNES & VISCOMI
Attorneys for Defendant, Steve W. Eoon

BY: _____
Mario C. Colitti

Dated: August 19, 2009