<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

|  |  |  |
|---|---|---|
|  | ) |  |
| MICHAEL BOSWELL, | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | Civil Action No. 08-5098 (GEB) |
| v. | ) |  |
|  | ) | **MEMORANDUM OPINION** |
| STEVE EOON, KIRSTEN BYRNES, | ) |  |
| CHRISTINA EICKMAN, PTL. JAMES | ) |  |
| FEISTER, NEW BRUNSWICK POLICE | ) |  |
| DEPARTMENT, CITY OF NEW BRUNSWICK, | ) |  |
| and JOHN DOES (#1-5) | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

_____

**<u>BROWN, Chief Judge</u>**

This matter comes before the Court upon the motion of Plaintiff Michael Boswell

("Boswell") for reconsideration of the Court's June 8, 2010 decision that granted the motion for

summary judgment filed by Defendants' the City of New Brunswick and Patrolman James

Feaster ("Feaster"), a New Brunswick Police officer (collectively "Defendants").  (Doc. No. 43.)

The Court has considered the parties' submissions and decided the matter without oral argument

pursuant to Federal Rule of Civil Procedure 78.  For the reasons that follow, the Court will deny

Boswell's motion for reconsideration.

I.      **BACKGROUND**

    A.      **Facts**

The Court detailed the factual background and procedural history of this case in its June 8

memorandum opinion.  (Doc. No. 41.)  As such, the Court will only summarize that information

relevant to the present motion.  In granting Defendants' motion for summary judgment on June 8,

the Court found the following facts to be undisputed, in pertinent part:

> "At all times during Officer Feaster and Boswell's interaction, Boswell appeared to
> understand and was cooperative with Officer Feaster. Boswell responded
> immediately and appropriately to all commands and his speech was clear and
> coherent. Officer Feaster was standing five feet from Boswell when he gave him the
> summons.  His physical coordination was controlled and balanced, and Officer
> Feaster did not detect any odor of alcohol.  Officer Feaster did not observe Boswell
> having any difficulty walking.  Based on his training and experience Officer Feaster
> made sufficient observations of Boswell and determined he was not intoxicated.
> Officer Feaster chose not to arrest Boswell because he had identification, did not
> appear incapacitated by alcohol and was not a danger to himself or others."
> (*Id.*)

Based on these findings, the Court concluded that Boswell could not fulfill the second element of

the state created danger theory of liability under 42 U.S.C. § 1983 because there was no

indication the state actor, Officer Feaster, acted with a degree of culpability that shocks the

conscience.  (*Id.* at 6.)  The Court stated, "because both parties agree that Officer Feaster did not

know Boswell was intoxicated when he directed him to leave the park, Officer Feaster did not

know of and disregard a risk to Boswell's saftey." (*Id.*)  Boswell's current motion seeks

reconsideration of the Court's determination that both parties agree Officer Feaster did not know

Boswell was intoxicated.  (Pl.'s Br. 1; Doc. No. 43.)

## II.    DISCUSSION

Boswell's motion for reconsideration asserts that the court has overlooked,

misunderstood or misconstrued the facts pertaining to Officer Feaster's knowledge of Mr.

Boswell's intoxication.  (Pl.'s Br. 1; Doc. No. 43.)  In particular, Boswell alleges the Court

misinterpreted Boswell's 56.1 statement when, in the June 8 opinion, the Court concluded that

"both parties agree that Officer Feaster did not know Boswell was intoxicated."  (*Id.* at 1.)

According to Boswell, a proper consideration of the 56.1 statement could reasonably alter the Court's June 8 decision. (*Id*. at 7.) Alternately, if Boswell's argument for reconsideration fails, Boswell asks the Court to modify its June 8 decision to exclude the finding that Boswell agreed or conceded that Officer Feaster did not know Mr. Boswell was intoxicated. (*Id.* at 14.) Boswell's request comes as a result of contemplated state court action that will apparently involve the incident that gave rise to this case. (*Id.*)

In opposition to Boswell's motion for reconsideration, Defendants argue that the Court was correct in construing the facts in question as admitted because Boswell failed to deny any of the facts at issue. (Defs.' Br. 8; Doc. No. 44.) Furthermore, Defendants assert Boswell's request that the Court alter its factual findings to suit the plaintiff in contemplated state court litigation is improper. (*Id.* at 11.)

A.      **Standard of Review**

In the District of New Jersey, motions for reconsideration are governed by FED. R. CIV. P. 59(e) and L. CIV. R. 7.1. The Third Circuit has made clear that motions for reconsideration should only be granted in three situations: (1) when an intervening change in controlling law has occurred; (2) when new evidence becomes available; or (3) when reconsideration is necessary to correct a clear error of law, or to prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). If none of these three bases for reconsideration is established, "the parties should not be permitted to reargue previous rulings made in the case." *Oritani Sav. & Loan Ass'n. v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.

*United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999); *see also* L. CIV.

R. 7.1(i). "The operative word in the rule is 'overlooked.'" *Id.* Reconsideration is not available

for a party seeking merely to reargue matters already addressed by the Court. *See G-69 v.*

*Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990).  Further, "[b]ecause reconsideration of a judgment

after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted

'sparingly.'" *NL Indus. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996),

*quoting Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986).

> **B.      Application**

Applying this standard to the facts of this case, the Court concludes that Boswell's

motion for reconsideration must be denied.  Boswell has not argued that there has been an

intervening change in controlling law or that reconsideration is necessary because the Court made

a clear error in law.  Moreover, Boswell does not argue that the Court should act to prevent

manifest injustice.  Rather, Boswell argues that the Court "overlooked, misunderstood or

misconstrued" certain facts of the case.  (Pl.'s Br. 1; Doc No. 43.)  However, the Court

previously considered each and every document and argument submitted.  Critical here,

Boswell's 56.1 statement contained various admissions regarding the interaction between Officer

Feaster and Boswell.  (Pl.'s 56.1 Stmt. ¶¶ 41, 42, 43, 45.)  The most prominent of these

admissions was stated as follows, "Plaintiffs admit that Officer Feaster claims that based on his

training and observations, he did not believe that Mr. Boswell was under the influence of alcohol

or a controlled substance." (Id. ¶ 44.)  Boswell now contends that because the word "claims"

was used in all the above referenced statements, Boswell admitted only that Officer Feaster made

certain claims in his deposition, not that Boswell agreed with the substances of the statements.

(Pl.'s Br. 3; Doc. No. 43.)  Furthermore, Boswell argues that the Court should have known

Boswell did not agree with the substance of the statements because Boswell presented expert

evidence which contradicted the statements.  (*Id.* at 5.)  These arguments are unavailing.

Local Rule 56.1 clearly states "[t]he opponent of summary judgment shall furnish, with

its opposition papers, a responsive statement of material facts, addressing each paragraph of the

movant's statement, indicating agreement or disagreement and, if not agreed, stating each

material fact in dispute and citing to the affidavits and other documents submitted in connection

with the motion."  L. CIV. R. 56.1.  The statement should be clear and unambiguous in specifying

the disputed and undisputed issues and facts.  L. CIV. R. 56.1 at cmt. a (2010).  If Boswell wished

to dispute the facts in question, the 56.1 statement should have expressly indicated there was a

dispute.  When a party admits a fact, the Court will it accept it as an admission.  Boswell cannot

now "clarify" the underlying intentions of his 56.1 statement on a motion for reconsideration.  In

actuality, it seems plain that Boswell seeks not to "clarify" but to revise or correct his 56.1

statement.  That is not a proper grounds for reconsideration in the District of New Jersey.

Additionally, the Court finds that reconsideration of the facts in question would not

materially alter the disposition of the case.  The facts in question were used to support the

Court's finding in its June 8 decision that Officer Feaster's actions did not shock the conscience

because the requisite deliberate indifference standard was not met.  However, even without the

admissions above, the Court concludes that a reasonable fact finder could not decide that Officer

Feaster's actions shocked the conscience under the relevant standard.

Assuming *argendo* that Officer Feaster was aware Boswell was intoxicated, Officer

Feaster did not act negligently.  Under New Jersey law, Officer Feaster had a duty to intervene

and bring Boswell to an intoxication treatment center only if Boswell was incapacitated.  NJSA

26:2B-16.  In opposition to the underlying summary judgment motion, however, Boswell has

produced no evidence that would allow a reasonable fact finder to conclude that Boswell was

incapacitated at the time he interacted with Officer Feaster.  Therefore, the Court again concludes

as a matter of law that Officer Feaster did not breach a duty he owed to Boswell by instructing

Boswell to leave the park rather than take him to an intoxication treatment center.  As such,

Boswell cannot establish Officer Feaster acted with a degree of culpability which shocks the

conscience because conscience-shocking behavior requires more than negligence.  *See County of*

*Sacramento v. Lewis*, 523 U.S. 833, 849 (1998).

Finally, the Court addresses Boswell's request to exclude the finding that Boswell agreed

or conceded that Officer Feaster did not know Mr. Boswell was intoxicated.  In essence, Boswell

asks the Court to redact the basis of its prior decision to accommodate state court litigation.  That

request is both illogical and unsupported by any cited statutory authority or case law.  As such,

Boswell's request will be denied.

## III.    CONCLUSION

For the foregoing reasons, Boswell's motion for reconsideration will be denied.  (Doc.

No. 43)  An appropriate form of order is filed herewith.

Dated: August 9, 2010

                                                    /s/ Garrett E. Brown, Jr.
                                         GARRETT E. BROWN, JR., U.S.D.J.