NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                            )
MICHAEL BOSWELL,                            )
                                            )
            Plaintiff,                      )
                                            )   Civil Action No. 08-5098 (GEB)
v.                                          )
                                            )   **MEMORANDUM OPINION**
STEVE EOON, KIRSTEN BYRNES,                 )
CHRISTINA EICKMAN, PTL. JAMES               )
FEISTER, NEW BRUNSWICK POLICE               )
DEPARTMENT, CITY OF NEW BRUNSWICK,          )
and JOHN DOES (#1-5)                        )
                                            )
            Defendants.                     )
_____ )

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of Plaintiff Michael Boswell ("Boswell") for reconsideration of the Court's June 8, 2010 decision that granted the motion for summary judgment filed by Defendants' the City of New Brunswick and Patrolman James Feaster ("Feaster"), a New Brunswick Police officer (collectively "Defendants"). (Doc. No. 43.) The Court has considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will deny Boswell's motion for reconsideration.

**I.     BACKGROUND**

   **A.     Facts**

The Court detailed the factual background and procedural history of this case in its June 8 memorandum opinion. (Doc. No. 41.) As such, the Court will only summarize that information

relevant to the present motion. In granting Defendants' motion for summary judgment on June 8, the Court found the following facts to be undisputed, in pertinent part:

> "At all times during Officer Feaster and Boswell's interaction, Boswell appeared to understand and was cooperative with Officer Feaster. Boswell responded immediately and appropriately to all commands and his speech was clear and coherent. Officer Feaster was standing five feet from Boswell when he gave him the summons. His physical coordination was controlled and balanced, and Officer Feaster did not detect any odor of alcohol. Officer Feaster did not observe Boswell having any difficulty walking. Based on his training and experience Officer Feaster made sufficient observations of Boswell and determined he was not intoxicated. Officer Feaster chose not to arrest Boswell because he had identification, did not appear incapacitated by alcohol and was not a danger to himself or others."
> (*Id.*)

Based on these findings, the Court concluded that Boswell could not fulfill the second element of the state created danger theory of liability under 42 U.S.C. § 1983 because there was no indication the state actor, Officer Feaster, acted with a degree of culpability that shocks the conscience. (*Id.* at 6.) The Court stated, "because both parties agree that Officer Feaster did not know Boswell was intoxicated when he directed him to leave the park, Officer Feaster did not know of and disregard a risk to Boswell's saftey." (*Id.*) Boswell's current motion seeks reconsideration of the Court's determination that both parties agree Officer Feaster did not know Boswell was intoxicated. (Pl.'s Br. 1; Doc. No. 43.)

## II.   DISCUSSION

Boswell's motion for reconsideration asserts that the court has overlooked, misunderstood or misconstrued the facts pertaining to Officer Feaster's knowledge of Mr. Boswell's intoxication. (Pl.'s Br. 1; Doc. No. 43.) In particular, Boswell alleges the Court misinterpreted Boswell's 56.1 statement when, in the June 8 opinion, the Court concluded that "both parties agree that Officer Feaster did not know Boswell was intoxicated." (*Id.* at 1.)

According to Boswell, a proper consideration of the 56.1 statement could reasonably alter the Court's June 8 decision. (*Id*. at 7.) Alternately, if Boswell's argument for reconsideration fails, Boswell asks the Court to modify its June 8 decision to exclude the finding that Boswell agreed or conceded that Officer Feaster did not know Mr. Boswell was intoxicated. (*Id.* at 14.) Boswell's request comes as a result of contemplated state court action that will apparently involve the incident that gave rise to this case. (*Id.*)

In opposition to Boswell's motion for reconsideration, Defendants argue that the Court was correct in construing the facts in question as admitted because Boswell failed to deny any of the facts at issue. (Defs.' Br. 8; Doc. No. 44.) Furthermore, Defendants assert Boswell's request that the Court alter its factual findings to suit the plaintiff in contemplated state court litigation is improper. (*Id.* at 11.)

     A.     **Standard of Review**

In the District of New Jersey, motions for reconsideration are governed by Fed. R. Civ. P. 59(e) and L. Civ. R. 7.1. The Third Circuit has made clear that motions for reconsideration should only be granted in three situations: (1) when an intervening change in controlling law has occurred; (2) when new evidence becomes available; or (3) when reconsideration is necessary to correct a clear error of law, or to prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). If none of these three bases for reconsideration is established, "the parties should not be permitted to reargue previous rulings made in the case." *Oritani Sav. & Loan Ass'n. v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.

*United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999); *see also* L. CIV. R. 7.1(i). "The operative word in the rule is 'overlooked.'" *Id.* Reconsideration is not available for a party seeking merely to reargue matters already addressed by the Court. *See G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990). Further, "[b]ecause reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted 'sparingly.'" *NL Indus. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996), *quoting Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986).

  B.  **Application**

  Applying this standard to the facts of this case, the Court concludes that Boswell's motion for reconsideration must be denied. Boswell has not argued that there has been an intervening change in controlling law or that reconsideration is necessary because the Court made a clear error in law. Moreover, Boswell does not argue that the Court should act to prevent manifest injustice. Rather, Boswell argues that the Court "overlooked, misunderstood or misconstrued" certain facts of the case. (Pl.'s Br. 1; Doc No. 43.) However, the Court previously considered each and every document and argument submitted. Critical here, Boswell's 56.1 statement contained various admissions regarding the interaction between Officer Feaster and Boswell. (Pl.'s 56.1 Stmt. ¶¶ 41, 42, 43, 45.) The most prominent of these admissions was stated as follows, "Plaintiffs admit that Officer Feaster claims that based on his training and observations, he did not believe that Mr. Boswell was under the influence of alcohol or a controlled substance." (Id. ¶ 44.) Boswell now contends that because the word "claims" was used in all the above referenced statements, Boswell admitted only that Officer Feaster made certain claims in his deposition, not that Boswell agreed with the substances of the statements.

4

(Pl.'s Br. 3; Doc. No. 43.)  Furthermore, Boswell argues that the Court should have known Boswell did not agree with the substance of the statements because Boswell presented expert evidence which contradicted the statements.  (*Id.* at 5.)  These arguments are unavailing.

Local Rule 56.1 clearly states "[t]he opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion."  L. CIV. R. 56.1.  The statement should be clear and unambiguous in specifying the disputed and undisputed issues and facts.  L. CIV. R. 56.1 at cmt. a (2010).  If Boswell wished to dispute the facts in question, the 56.1 statement should have expressly indicated there was a dispute.  When a party admits a fact, the Court will it accept it as an admission.  Boswell cannot now "clarify" the underlying intentions of his 56.1 statement on a motion for reconsideration.  In actuality, it seems plain that Boswell seeks not to "clarify" but to revise or correct his 56.1 statement.  That is not a proper grounds for reconsideration in the District of New Jersey.

Additionally, the Court finds that reconsideration of the facts in question would not materially alter the disposition of the case.  The facts in question were used to support the Court's finding in its June 8 decision that Officer Feaster's actions did not shock the conscience because the requisite deliberate indifference standard was not met.  However, even without the admissions above, the Court concludes that a reasonable fact finder could not decide that Officer Feaster's actions shocked the conscience under the relevant standard.

Assuming *argendo* that Officer Feaster was aware Boswell was intoxicated, Officer Feaster did not act negligently.  Under New Jersey law, Officer Feaster had a duty to intervene

and bring Boswell to an intoxication treatment center only if Boswell was incapacitated. NJSA 26:2B-16. In opposition to the underlying summary judgment motion, however, Boswell has produced no evidence that would allow a reasonable fact finder to conclude that Boswell was incapacitated at the time he interacted with Officer Feaster. Therefore, the Court again concludes as a matter of law that Officer Feaster did not breach a duty he owed to Boswell by instructing Boswell to leave the park rather than take him to an intoxication treatment center. As such, Boswell cannot establish Officer Feaster acted with a degree of culpability which shocks the conscience because conscience-shocking behavior requires more than negligence. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998).

Finally, the Court addresses Boswell's request to exclude the finding that Boswell agreed or conceded that Officer Feaster did not know Mr. Boswell was intoxicated. In essence, Boswell asks the Court to redact the basis of its prior decision to accommodate state court litigation. That request is both illogical and unsupported by any cited statutory authority or case law. As such, Boswell's request will be denied.

### III. CONCLUSION

For the foregoing reasons, Boswell's motion for reconsideration will be denied. (Doc. No. 43) An appropriate form of order is filed herewith.

Dated: August 9, 2010

                                        /s/ Garrett E. Brown, Jr.
                                       GARRETT E. BROWN, JR., U.S.D.J.